## LOOSE v. CITY OF BATTLE CREEK.

1. MUNICIPAL CORPORATIONS—ORDINANCES—PARKING OF TRAILER COACHES—STATUTES.

    City ordinance regulating parking of trailer coaches within city limits not specifically licensed as a trailer coach park and restricting occupancy to six weeks during a year where trailer is parked on premises also occupied for dwelling purposes did not conflict with State statute regulating trailer parks upon which three or more trailer coaches are parked notwithstanding the statute permits occupancy the year round since the ordinance occupies only the field of legislation left unoccupied by the statute (Act No. 143, §§ 2, 3, Pub. Acts 1939, as amended by Act No. 255, Pub. Acts 1941; Battle Creek Trailer Ordinance).

2. SAME—CONSTRUCTION OF ORDINANCES.

    As between two possible interpretations of ordinance, by one of which it would be unconstitutional, and by the other valid, it is the duty of the court to adopt that which will save the ordinance.

3. SAME—CONSTRUCTION OF ORDINANCES—STATUTES.

    The rule that what the legislature permits, the city cannot suppress, does not apply in construing an ordinance which does not enter into a field already occupied by a State statute.

4. SAME—ORDINANCES—STATUTES—TRAILER COACHES.

    City ordinance regulating parking of trailer coaches within city limits does not conflict with State housing law, especially where the State law excepts trailers under certain circumstances and the ordinance is a reasonable exercise of control

_____
* Continued from Vol. 308.

by the municipality over use and occupancy of trailers within the exception (1 Comp. Laws 1929, § 2487 *et seq.*, as amended by Act No. 303, Pub. Acts 1939; Battle Creek Trailer Ordinance).

5. CONSTITUTIONAL· LAW—MUNICIPAL CORPORATIONS—ORDINANCES—DISCRIMINATION.

A city ordinance which applies to all citizens alike cannot be held to be discriminatory.

6. MUNICIPAL CORPORATIONS—TRAILER COACH ORDINANCE—OCCUPANCY ON DWELLING PREMISES.

City ordinance regulating the use of trailer coaches and limiting occupancy to six weeks during a year where occupied on premises used for dwelling purposes does not prevent the parking of trailer coaches on dwelling premises when not used for residence purposes (Battle Creek Trailer Ordinance, § 4).

7. SAME—TRAILER COACH ORDINANCE—LIMITATION OF OCCUPANCY FOR DWELLING PURPOSES.

Since the length of time that a trailer coach may be used as a dwelling is a matter for the local law-making body to determine, and limitation of occupancy to six weeks during course of a year is not an unreasonable exercise of municipality's police power, city ordinance containing such limitation is a reasonable exercise of the police power in the promotion of health, morals, safety and general welfare (Battle Creek Trailer Ordinance).

REID, J., dissenting in part.

WIEST and BOYLES, JJ., dissenting.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 11, 1944. (Docket No. 9, Calendar No. 42,515.) Decided May 17, 1944.

Bill by Claude Loose and another against City of Battle Creek to enjoin the enforcement of an ordinance regulating use of trailers. Decree for defendant. Plaintiffs appeal. Affirmed.

*Howard W. Cavanagh,* for plaintiffs.

*Howard E. Wilder,* for defendant.

REID, J. (*dissenting in part*). The bill of complaint in this case was filed by owners of two house trailers situated on different lots to enjoin the city of Battle Creek from ousting them from their trailer coaches pursuant to a city ordinance. The trial judge held the ordinance constitutional and dismissed the bill. Plaintiffs appeal.

No objection is raised to the joinder of two separate owners in this suit.

Aaron Jones and his wife live in their separately-owned trailer coach which they had placed on a lot belonging to Merle Puff, for the use of which lot they pay him rent. Puff occupies a residence situated on the same lot. Plaintiff Claude Loose owns the lot on which his one-room trailer coach is situated. He lives in it most of the year and is lessor of an occupied residence on the same lot. In each case the occupants of the trailer coaches have use of the toilet facilities in the respective residences and have water and electrical current supplied.

In paragraphs 5 and 6 of the bill, both admitted by the defendant, plaintiffs claim that "they resided in said trailers; and that it is the only dwelling they have in the city of Battle Creek; that there is no other place at the present time they can occupy * * * that to comply with * * * said ordinance would * * * compel them to move out of the city of Battle Creek." Plaintiff Loose has used his trailer coach at the same place more than five years and has not moved it nor changed its location in the last two years. Plaintiff Jones established the use of his trailer at the present location in August, 1941, and in July, 1942, he traded trailers and substituted a slightly larger trailer at the same location and with the same connections.

Plaintiffs claim that the entire ordinance is unconstitutional and in conflict with Act No. 143, Pub.

Acts 1939, as amended by Act No. 255, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1943, § 1098–21 *et seq.,* Stat. Ann. 1943 Cum. Supp. § 5.278 [1] *et seq.*). The most serious objection urged by plaintiffs is to the portion of the ordinance which limits the occupancy of a trailer coach for residential purposes to a period of six weeks in any one year. They compare that section with the statute which permits trailer coaches in trailer parks to be occupied the year round. The ordinance forbids a single trailer coach being occupied for more than six weeks in the year, though it be so used and occupied as not to violate sanitary regulations or offend public morals.

The pertinent sections of the ordinance, adopted June 15, 1942, are as follows:

"SEC. 2. *Prohibited parking and use.*

"(a) No person shall park or cause to be parked any trailer coach over night on any street, alley, highway, or other public place.

"(b) No trailer coach shall at any time be parked between the established set back line and the curb line on any lot.

"(c) No trailer coach shall be used or occupied unless there is a clear unoccupied space of at least ten feet on all sides thereof.

"(d) No person shall park or permit the parking of any occupied trailer coach or use or occupy or permit the use or occupancy of any trailer coach on any site, lot, field, or tract of land not specifically licensed as a trailer coach park, except only as provided in this ordinance.

"SEC. 3. *Parking on dwelling premises.*

"Not more than one trailer coach may be parked, used and occupied on the premises of any dwelling as hereinafter limited, provided the occupants of the trailer coach have free access to and the unlimited use of the sanitary facilities of the dwelling of said premises and the operator of such trailer coach secures a permit as provided in this ordinance.

"SEC. 4.  *Permits.*

"Application for a permit to park, use and occupy a trailer coach on the premises of a dwelling shall be made to the health officer of the city and shall state the address of the dwelling, the name of the owner or occupant in control thereof, the name and address of the owner or operator and license number of such trailer coach.  The consent in writing of the owner or of the occupant in control of the dwelling premises to such parking, use and occupancy and to the use of the sanitary facilities as herein provided shall accompany the application or be indorsed thereon. Upon the filing of such application, the health officer shall cause an inspection to be made of such dwelling premises and trailer coach and if he finds that adequate facilities are afforded on the premises for the disposal of waste and excreta and it appears that the parking, use and occupancy of such trailer coach complies with the statutes of the State of Michigan and ordinances of the city, he shall approve such application.  Upon the filing thereof with the city clerk and payment of a fee of $2 the clerk shall issue a permit, which permit shall limit the time of such parking, use or occupancy to a period not longer than six weeks from the date of the application therefor.  Not more than one permit shall be issued for any one trailer coach or to any one trailer coach operator or occupant in any one 12-months' period.  Every permit shall be displayed in or on the trailer coach for which it is issued on the side nearest to a public street in such manner as to be readily noticeable at all times.

"SEC. 5.  *Waste water.*

"No person shall spill or drain any waste water or liquid waste of any kind upon the ground or upon any paved areas.

"SEC. 6.  *Removal of wheels or tires—Occupancy limit.*

"No person shall remove or cause to be removed the wheels or tires from any trailer coach except for the purpose of repair, nor shall any person elevate,

block or stabilize any trailer coach other than with jacks designed, provided and intended for that purpose. No parked trailer coach shall be occupied for sleeping purposes by a greater number of persons than said vehicle is designed and arranged to accommodate.

"SEC. 7. *Inspection.*

"The health officer or his authorized representative or any member of the police department of the city shall have the authority to ·enter and inspect at any reasonable time any premises upon which a trailer coach is parked, used or occupied for the purpose of ascertaining that the owner, operator or occupant thereof is complying with all statutes, ordinances and rules and regulations governing the same.

"SEC. 8. *Penalty.*

"Any person violating any of the provisions of the ordinance shall on conviction thereof be punished by a fine not exceeding $100 or by imprisonment in the Calhoun county jail for a term not exceeding 90 days or by both such fine and imprisonment in the discretion of the court.

"Each and every day during which a violation of this ordinance is permitted to continue shall be deemed a separate, distinct and independent offense.

"SEC. 9. *Effect of ordinance.*

"The conditions of this ordinance are declared to be severable, and if any clause, sentence, paragraph, section ·or subscription [subsection?] is declared void or inoperative for any reason by a court of competent jurisdiction, it shall not affect any other part or portion thereof."

Plaintiffs cite the decision of this Court in the case of· *Richards* v. *City of Pontiac,* 305 Mich. 666, in which case the 90-day clause in the ordinance conflicted with the State trailer coach park act above referred to. This Court upheld the statute and declared the ordinance void, reciting the conflict of the ordinance with the statute.

Defendant cites *Cady* v. *City of Detroit,* 289 Mich. 499. The ordinance in that case was sustained though it prohibited the use of a trailer coach park for more than 90 days. Defendant further claims that as the trailer coach park act did not mention what should or should not be done with one or two trailer coaches on any one lot, by any specific direction, that such use of one or two trailer coaches was a subject matter left open entirely to the discretion of the local municipal authorities. This Court in the *Richards Case, supra,* comments on the adoption of the trailer coach park act since the decision in the *Cady Case, supra.* Since the *Cady Case* this Court has decided in the *Richards Case* (p. 675) that the operation of a trailer coach park is not a nuisance *per se,* by which latter decision the rule as to things not evil *per se* (*National Amusement Co.* v. *Johnson,* 270 Mich. 613) must necessarily be considered. As a matter of common sense, if the use of several trailers in a trailer coach park is not a nuisance *per se,* then neither is the use of one trailer on a lot a nuisance *per se.* The necessity for use of trailer coaches has been enhanced since the decision in the *Cady Case, supra,* and before adoption of the ordinance in question, by the war situation and consequent greater need for portable habitations.

The law of this State as to trailer coaches has been changed by statute and subsequent decision of this Court since the *Cady Case.* That decision should not now be considered as authority to sustain validity of the ordinance in question.

At the hearing there was a written stipulation between the plaintiffs and defendant as follows:

"Plaintiff, Claude Loose, owns and occupies a trailer on property which he owns and he has the unlimited use of the water, toilet, and other sanitary facilities of a dwelling located on the premises.

Plaintiff, Aaron Jones, owns and occupied a trailer on land which he rents from Merle and Margaret Puff and he has the unlimited use of the water, toilet, and other sanitary facilities of the Puff dwelling on the lot adjacent to the premises rented. Neither trailer in itself conforms to. the requirements of the State housing law, Act No. 167, Pub. Acts 1917, as amended (1 Comp. Laws 1929, § 2487 *et seq.* [see Comp. Laws Supp. 1940, 1943, § 2487 *et seq.,* Stat. Ann. and Stat. Ann. 1942 Cum. Supp. § 5.2771 *et seq.*]), and neither has applied for nor received an occupancy permit under said act or under the zoning ordinance of the city. Neither trailer is directly connected to the sewer or with city water, both of which are in the street in front of the property, but both dwellings providing the sanitary facilities for the trailer occupants are connected with running water and with the sewer.

"The defendant admits that both trailers are better equipped, better suited and more desirable as living quarters than the average trailer and the defendant further does not deny that the occupants have to the best of their ability kept the trailers and the premises on which they are located clean and that no complaints have been made to the effect that the trailers or premises were not at all times kept in a neat and tidy condition."

Trailers are recognized as not being subject to the housing act. The trailer park act recited the need for the use of trailer coaches, saying, "The trailer coach had become a necessity." (Section 18 of the act as added by Act No. 255, Pub. Acts 1941.) It is not within the power of a city to forbid the use of that which has been determined by statute to be a necessity. The court is not driven to a doubtful determination of the existence of this necessity in considering the validity of the ordinance in question and may take judicial notice of the necessity as a

matter of common experience without the recital of the statute. But as long as the trailer coach act remains a statute the courts must take notice of the necessity for the use of trailer coaches as habitations.

The trailer park act regulates the use of three or more trailer coaches on one tract of land for residential purposes so as to prevent danger to the public health because of insanitary conditions. A trailer park occupied by three or more trailer coaches is likely to be more objectionable than the well-regulated use of a single house trailer. It will readily be observed that the legislature did not consider one or two trailer coaches on a lot as constituting a menace that needed regulation by the State; otherwise no doubt the regulation would have been provided. This does not leave open the subject of forbidding the use of one or two trailer coaches on a lot for 46 weeks of the year to any municipality.

The statute is law in the city of Battle Creek and the ordinance, if permitted to be given the full scope and effect the city contends for, would be inconsistent with the quoted recital of the statute as to necessity for the trailer coach. Under these circumstances the statute will be given its full force and effect and so far as the ordinance is contrary thereto it is invalid.

Plaintiffs also appropriately cite *National Amusement Co.* v. *Johnson, supra,* p. 616:

"It is the rule that, in the absence of specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a, State law are void. *People* v. *McGraw,* 184 Mich. 233; 43 C. J. p. 215. What the legislature permits, the city cannot suppress, without express authority therefor. *State* v. *Brittain,* 89 N. C. 574. * * * Where an amusement, which has been lawful and

unregulated, is not evil *per se* but may be conducted in a good or bad manner, is the subject of legislation, regulatory, not prohibitory, it would seem clear that the legislature intended to permit continuance of the amusement, subject to statutory conditions. The statute makes it unlawful to conduct a walkathon only in violation of certain conditions. This is merely a common legislative manner of saying that it is lawful to conduct it if the regulations are observed. *Schneiderman* v. *Sesanstein,* 121 Ohio St. 80 (167 N. E. 158, 64 A. L. R. 981). Assuming the city may add to the conditions, nevertheless the ordinance attempts to prohibit what the statute permits. Both statute and ordinance cannot stand. Therefore, the ordinance is void.''

Section 2, excepting subsection (d), of the ordinance in question is upheld. Such regulations are proper in the city's discretion for adoption and enforcement. Section 3 and the following portion of section 4, ''which permit shall limit the time of such parking, use or occupancy to a period not longer than six weeks from the date of the application therefor. Not more than one permit shall be issued for any one trailer coach or to any one trailer coach operator or occupant in any one 12-months' period,'' for the foregoing reasons are held invalid. Section 6 is obviously intended to cause temporary use only and is similarly invalid.

The ordinance in question does not point out the more objectionable features of the use of a trailer coach as a habitation which the city would desire to obviate. Defendant in its brief claims that the ordinance in its judgment will subserve the purposes of public morals, health and welfare and very appropriately says, ''The commission of the city of Battle Creek is presumed to have a greater knowledge of local problems and local affairs.'' There-

fore as far as consistent with statute and common experience the city's ordinances should be sustained.

There may be many valid regulations not forbidding the habitation that could be thought of as being in the minds of the city commission, but the ordinance in question applies to trailer coaches lawfully placed in the situation where they now are, still lawful under the recital of the statute cited, and then forbids them to be occupied for 46 weeks of the year. This is such a broad and sweeping destruction of the rights of the plaintiffs that such portions of the ordinance are invalid.

The city has a right reasonably to regulate the use of one or two trailer coaches on any lot or tract but not to prohibit their use and any regulation aimed at prohibiting would be invalid.

Section 3 is obscure. It may be construed as expressing the intent to forbid the parking, use, or occupancy of more than one trailer coach on any site, lot, field or tract of land except on the premises of a dwelling, and then only if occupants of the trailer coach have free access and unlimited use of the sanitary facilities of the dwelling, and obtain a permit.

The ordinance is invalid wherein by necessary inference it forbids parking on a vacant site, lot or tract by either one or two trailer coaches and by more than one trailer coach on the premises of a dwelling. The provisions concerning a permit are not severable from the invalid portions of the ordinance.

Sections 2(d), 3, 4, 6 and 7 are invalid. The city will be enjoined by the decree of this Court from enforcing the same, the decree appealed from being to that extent reversed. The provisions of section 2(a), (b), and (c) are severable and are within the

proper exercise of the police powers of the city to enact and to enforce. As to section 2(a), see Constitution (1908), art. 8, § 28. The decree appealed from is to that extent affirmed. No costs are awarded, this being a matter of public interest.

SHARPE, J. The ordinance in question does not contravene the general law of the State regulating trailer parks. The State law regulating trailer parks defines a trailer park as any site upon which three or more occupied trailer coaches are parked. Act No. 143, § 2, Pub. Acts 1939, as amended by Act No. 255, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 1098-22, Stat. Ann. 1943 Cum. Supp. § 5.278[2]). The State has not enacted legislation governing "trailer parks" where less than three trailer coaches are parked. The Battle Creek ordinance does not purport to regulate parks as such, but applies to the parking of trailers in numbers less than three. An examination of the ordinance justifies this conclusion. Section 2 of the ordinance prohibits the parking or use of a trailer anywhere within the city "not specifically licensed as a trailer coach park, except only as provided in this ordinance."

Section 3 of the ordinance reads as follows:

"*Parking on dwelling premises.*

"Not more than one trailer coach may be parked, used and occupied on the premises of any dwelling as hereinafter limited, provided the occupants of the trailer coach have free access to and the unlimited use of the sanitary facilities of the dwelling of said premises and the operator of such trailer coach secures a permit as provided in this ordinance."

The above section of the ordinance speaks in terms of parking one trailer coach and provides that the operator secure a permit as distinguished from a

license referred to in the State law. Moreover, the ordinance provides that "not more than one trailer coach may be parked, used and occupied on the premises of any dwelling."

In *Bowerman* v. *Sheehan,* 242 Mich. 95 (61 A. L. R. 859), the following rule is stated:

" 'The rule is settled that as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the act.' "

In my opinion the ordinance occupies only the field left unoccupied by the State trailer coach park act and cannot be held invalid because of conflict with that act. The rule that what the legislature permits, the city cannot suppress, as stated in *National Amusement Co.* v. *Johnson,* 270 Mich. 613, has no application to the facts in the instant case as the city has not entered into a field already occupied by the State trailer act.

Nor is there any conflict between the ordinance and the State housing law, Act No. 167, Pub. Acts 1917, being 1 Comp. Laws 1929, § 2487 *et seq.,* as last amended by Act No. 303, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 2487 *et seq.,* Stat. Ann. and Stat. Ann. 1940 Cum. Supp. § 5.2771 *et seq.*). The housing law includes trailers within the definition of a dwelling (Comp. Laws Supp. 1940, § 2488 [1], Stat. Ann. 1943 Cum. Supp. § 5.2772 [1]), but excepts them from operation of the housing law under certain circumstances. This exception shows that the State is not attempting to occupy the whole field of regulating the use of trailers as dwellings under all circumstances. This section reads in part as follows:

"A house trailer or other vehicle, when occupied or used as a dwelling, shall be subject to all the provisions of this act, except that house trailers or other

vehicles, duly licensed as vehicles, may be occupied or used as a dwelling for reasonable periods or lengths of time, without being otherwise subject to the provisions of this act for dwellings, when located in a park or place designated or licensed for the purpose by the corporate community within which they are located: Provided, That such parking sites are equipped with adequate safety and sanitary facilities.''

The ordinance in question covers the same subject matter as the State housing law which specifically makes an exception of trailers ''when located in a park or place designated or licensed for the purpose by the corporate community within which they are located,'' leaving a municipality the right to exercise reasonable control over the use and occupancy of trailers by licensing or designating the places for parking.

Plaintiffs urge that because section 4 of the ordinance permits the use of a trailer coach on dwelling premises for not more than six weeks during each 12 months, the ordinance is unreasonable and discriminatory. In view of the fact that the ordinance applies to all citizens, it cannot be held to be discriminatory. The six-weeks' use of a trailer coach as defined in the ordinance does not prevent the parking of trailer coaches on dwelling premises when not used for residence purposes. The length of time that a trailer coach may be used as a dwelling is a matter for the local law-making body to determine. I am not prepared to say that the limitation of time so determined is an unreasonable exercise of the police power. In my opinion the ordinance is a reasonable exercise of the police power in the promotion of health, morals, safety and general welfare.

The decree of the trial court is affirmed, but without costs as a public question is involved.

NORTH, C. J., and STARR, BUTZEL, and BUSHNELL, JJ., concurred with SHARPE, J.

BOYLES, J. (*dissenting*). The ordinance is void in its entirety because it contravenes the general law of the State regulating trailer parks. The constitutional limitation on the power of the city to pass laws and ordinances relating to its municipal concerns is that such power is subject to the Constitution and the general laws of the State. Const. (1908), art. 8, §§ 20, 21. The State has enacted a comprehensive law licensing and regulating the establishing or maintaining of trailer coach parks on any site, lot, field or tract of land upon which three or more occupied trailer coaches are harbored. Act No. 143, Pub. Acts 1939, as amended by Act No. 255, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1943, §§ 1098–21—1098–38, Stat. Ann. 1943 Cum. Supp. §§ 5.278 [1]–5.278 [18], inclusive).

If the ordinance in question were limited in its operation and effect to less than three occupied trailer coaches harbored on any one site, lot, field, or tract of land, it would not invade the field covered by the general State law. It is not so limited, either in express terms or in operation and effect. Section 3 of the ordinance indicates that an unlimited number of trailer coaches may be parked and occupied on the premises of any dwelling, provided the occupants have free access and unlimited use of the sanitary facilities of the dwelling and the operator (occupant) has secured the local permit required of each occupant by section 4.

The ordinance differs from the State law in imposing different regulations and restrictions on the use

and occupancy of premises within the city by trailer coaches, requires a local permit issued by the city clerk to use and occupy trailer coaches (without limit as to number), sets up requirements for sanitation different than provided for by the general law. The provisions of an ordinance which contravene a State law are void. *National Amusement Co.* v. *Johnson,* 270 Mich. 613; *Noey* v. *City of Saginaw,* 271 Mich. 595.

The ordinance in express terms purports to limit the time of the use or occupancy of the premises to a period of not longer than six weeks. This is contrary to the provisions of the general State law which merely requires an annual license without limiting the period of occupancy. The city of Pontiac by ordinance sought to limit the period of occupancy by a trailer coach to three months in any one year. The Pontiac ordinance was held to be void as contravening State law for that reason, in *Richards* v. *City of Pontiac,* 305 Mich. 666, 673, where the court said:

"Defendants urge that the 90-day clause in the ordinance is a valid exercise of legislative power by the city of Pontiac and cite *Cady* v. *City of Detroit,* 289 Mich. 499, as authority for such claim. It is to be noted that the above case was tried and reviewed before Act No. 143, Pub. Acts 1939, as amended by Act No. 255, Pub. Acts 1941, was enacted. At the time of the *Cady Case,* the ordinance before the court, insofar as the 90-day clause was concerned, was not contrary to any State law. In the case at bar, the State by the enactment of appropriate legislation permits unlimited parking of trailers. The ordinance, however, fixes a time limit for the parking of trailers. In that respect it conflicts with State regulations and is therefore void."

In the case at bar the city relies on the *Cady Case, supra.* The *Cady Case* does not apply. The distinc-

tion between the *Cady Case* and the *Richards Case, supra,* pointed out above, applies equally to the case at bar.

The ordinance in question also requires a separate local permit from the city clerk before an occupied trailer coach is allowed to use premises for parking within the city limits. The ordinance requires payment of a fee for the permit. The Pontiac ordinance, considered in the *Richards Case, supra,* contained a similar requirement and was held void for that reason. The court said, p. 673:

"The ordinance also provides for a license from the city commission and requires an annual fee of $10 for each unit capacity of the tourist camp. The State law provides for license fees and their allocation to various governmental units. The State having entered the field of licensing tourist camps, any provision for additional fees, imposed by an ordinance for such licensing, is void."

In the case at bar the circuit judge held the ordinance valid, relying on our opinion in the *Cady Case.* Since then the *Richards Case* has been decided in this court, pointing out why the *Cady Case* does not apply. The *Richards Case* is controlling and the ordinance is void. A decree should be entered to that effect enjoining the city from further attempt at enforcement, with costs to plaintiffs.

WIEST, J., concurred with BOYLES, J