GOODFELLOW v. DETROIT CIVIL SERVICE COMMISSION.

1. APPEAL AND ERROR—EQUITY—PLEADING—MOTION TO DISMISS.
    On appeal from decree dismissing plaintiff's bill of complaint on motion to dismiss for want of equity and for want of jurisdiction, the Supreme Court must take as true the well-pleaded facts set forth in the bill.

2. SAME—QUESTIONS REVIEWABLE—CONCESSION AT PRETRIAL HEARING—MOTION ·TO DISMISS.
    Concession made at a pretrial hearing that plaintiffs, defendants' former employees, had not given the statutory notice prescribed by the State labor relations act before striking is not considered on appeal from decree after motion to dismiss bill to reinstate plaintiffs was granted where decision upon other grounds rendered ruling thereon unnecessary (Act No. 176, Pub. Acts 1939).

3. SAME—QUESTIONS REVIEWABLE—MULTIFARIOUSNESS OF BILL.

Whether or not bill of complaint was multifarious is not determined on appeal from decree after motion to dismiss bill was granted where decision is planted on ground that court lacked jurisdiction to take action sought.

4. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION—COURTS.

Since the function of a municipal civil service commission in passing upon appeals from dismissal of employees by a department head is essentially an administrative function, a court may not afford mandatory injunctive relief thereon as a court may not usurp the functions of an administrative body (Const. 1908, art. 4).

5. APPEAL AND ERROR—CERTIORARI—MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION.

Judicial review of the action of a municipal civil service commission is by appeal in the nature of certiorari.

6. CERTIORARI—SCOPE OF REVIEW—ADMINISTRATIVE TRIBUNAL.

On review of action of an administrative body by appeal in the nature of certiorari, a court does not determine administrative policies nor purely administrative questions.

7. CONSTITUTIONAL LAW—JUDICIAL REVIEW OF ADMINISTRATIVE ACTION.

Bill of complaint by persons who had been discharged following a strike, who had had review of such action by the municipal civil service commission pursuant to charter provisions and who seek an order directing restoration to employment *held*, on review by appeal in the nature of certiorari to have been properly dismissed since it sought to have a court determine administrative matters (Detroit Charter [1918], title 4, chap. 2, §§ 18, 18-A).

Appeal from Wayne; Webster (Arthur), J. Submitted June 6, 1945. (Docket No. 27, Calendar No. 42,963.) Decided October 8, 1945. Rehearing denied December 3, 1945.

Bill by Clarence Goodfellow and others against Detroit Civil Service Commission, Department of Street Railways, and others to compel reinstatement and reemployment of plaintiffs and for reimbursement for time lost. Bills dismissed. Plaintiffs appeal. Affirmed.

*Edward N. Barnard,* for plaintiffs.

*William E. Dowling,* Corporation Counsel, *Paul T. Dwyer,* Chief Assistant Corporation Counsel, and *Walter E. Vashak,* Assistant Corporation Counsel, for defendant Civil Service Commission.

*Rodney Baxter, James S. Shields, Leon H. Harman,* and *Helen W. Miller,* for defendant Department of Street Railways.

REID, J. The bill in this case was filed April 20, 1943, against the civil service commission of the city of Detroit and the department of street railways of the city of Detroit, so that the city of Detroit, a municipal corporation, is in effect and in fact one of the defendants represented herein through its department of street railways.

The 176 plaintiffs seek to obtain an order of the chancery court setting aside and holding for naught the actions of the defendants and each of them so far as plaintiffs are concerned and directing the reinstatement or reemployment of the plaintiffs herein by the defendant department of street railways. Plaintiffs further pray that the order of the court restore plaintiffs to their positions in the employment of the said department with full seniority and pension rights as pertained to them on July 17, 1942, the date on which plaintiffs and several other employees of the department of street railways struck; and further, that the chancery court direct the defendant department of street railways to reimburse the plaintiffs for back pay.

A motion was made to dismiss the bill for want of equity and for want of jurisdiction, which motion was granted, and from the decree dismissing the bill plaintiffs appeal. In considering this appeal we must take as true well-pleaded facts set forth in the bill of complaint.

The plaintiffs allege that on July 17, 1942, and for a long time prior thereto, plaintiffs were employees of the department of street railways of the city of Detroit; that they were members of division 26 of the Street Railway Men's Association, an affiliate of the American Federation of Labor; that at a meeting of the union on July 15th the membership affirmatively voted to go on strike on July 17, 1942, and that the plaintiffs in good faith acted in accordance with the mandate of their union and on July 17, 1942, did strike. Plaintiffs further claim that about noon of July 17, 1942, a special meeting of the union was called, and plaintiffs were informed that the strike would be called off and if they returned to work and reported immediately they would be reinstated in their positions. Plaintiffs allege that thereupon they did return but were refused admittance and suspended; further, that the defendant department of street railways through its duly-authorized officers conducted an investigation and filed charges against the plaintiffs. Plaintiffs claim further that a board of review was set up, before which plaintiffs and upwards of 115 others were summoned to appear; that upon plaintiffs' appearing before the board of review they were formally discharged from service; and that they appealed therefrom to the civil service commission of the city of Detroit in accordance with the charter provisions in such case made and provided. Plaintiffs claim that the board of review was prejudiced and acted whimsically and capriciously, and also, was unfair and discriminated in the matter of discharges; that the civil service commission following receipt of the written protests of the plaintiffs herein and upwards of 115 others, granted hearings thereon at which testimony was taken, and that the action of the defendant civil service commission was likewise whimsical, capricious and arbitrary,

resulting in the loss of employment by plaintiffs, together with their seniority and pension rights and back pay.

The case, at issue upon the pleadings, was noticed for pretrial consideration. The case was assigned to Circuit Judge Arthur Webster, before whom a hearing on a motion to dismiss the bill of complaint was in progress between June 2 and June 26, 1944. On the hearing of the argument on the motion to dismiss, plaintiffs moved to amend the bill to pray for mandatory injunction requiring defendants forthwith to put plaintiffs in the positions from which they were discharged with full rights of seniority as such rights existed at the time of said discharges, and back pay in full from date of said discharges and suspension to the present time, which motion to amend was taken under advisement by the trial judge. The motion of defendant civil service commission to dismiss the bill was made on the ground, among other things, that the bill of complaint failed to allege matters cognizable in an equity court, and that plaintiffs had an adequate remedy at law; that there was a misjoinder of the parties plaintiff; and because the affirmative relief prayed for invades the exclusive jurisdiction of the civil service commission of the city of Detroit. The motion of the defendant board of street railway commissioners and department of street railways among other things prays for a dismissal of the bill because the bill does not state a cause of action in equity; that there was a misjoinder of the parties plaintiff; that the bill is multifarious and would not avoid a multiplicity of suits and, further, because, if any plaintiff has any remedy for any matter alleged in the bill, that remedy is at law and not in equity.

Plaintiffs claim we should not consider, on this motion to dismiss, a concession of fact made at the

pretrial hearing to the effect that plaintiffs did not give the statutory notice prescribed by the Michigan labor relations act * before striking. Because of our decision upon other grounds, it is not necessary to rule upon that objection. For a similar reason, it is unnecessary to determine the multifariousness of the bill.

We quote from the opinion of the trial court as follows:

"Under the city charter an employee who is discharged by a department head has a right of appeal, upon written request within 10 days, to the civil service commission (Charter, title 4, chap. 2, §§ 18, 18a). The civil service commission can set aside the discharge for three reasons only: If it was for religious or political reasons or reasons other than the good of the service. If the civil service commission denies his protest or appeal, his next step is to the circuit court by appeal in the nature of certiorari. The Constitution (1908), art. 7, § 10, gives the circuit courts supervisory control over inferior tribunals. But the Supreme Court has pointed out that this control does not mean a trial *de novo,* since such a trial would be unconstitutional as thrusting upon the courts administrative and executive functions. So the court has held that the review is by appeal in the nature of certiorari for which leave must first be obtained. *In re Fredericks,* 285 Mich. 262, 267 (125 A. L. R. 259)."

In the *Fredericks Case, supra,* the applicants were employees of the fire department of the city of Highland Park. Charges of incompetency and misconduct were preferred against them in conformity with the charter provisions and following a hearing before the police and fire commission they were dismissed. In respect thereto we say (p. 265):

---

* See Act No. 176, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 8628–1 *et seq.,* Stat. Ann. 1944 Cum. Supp. § 17.454 [1] *et seq.*). —REPORTER.

"Although the act contemplates that formal charges shall be preferred, a hearing had thereon, and the decision of the commission to be based upon the testimony so taken, it must be concluded that the commission functions in a capacity which is essentially administrative. Although partaking of that which is judicial, its acts are not truly of such a nature, and are therefore termed quasi-judicial functions."

The function of the commission in that case was similar to the function of the civil service commission of the city of Detroit in the instant case in considering and disposing of the appeals of plaintiffs, namely, an essentially administrative function. We must not usurp the functions of an administrative body. This the Constitution of the State forbids. Constitution (1908), art. 4.

The trial court in the instant case was correct in holding that the review of the action of the civil service commission of the city of Detroit is by appeal in the nature of certiorari, in which appeal we do not determine administrative policies, nor purely administrative questions. The bill of complaint in the instant case petitioned the court to determine administrative matters, which bill of complaint was properly dismissed.

The decree appealed from is affirmed. Costs to defendants.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. The late Justice WIEST took no part in this decision.