HUBBARD *v.* BOARD OF TRUSTEES OF DEARBORN
RETIREMENT SYSTEM.

1. MUNICIPAL CORPORATIONS—BOARD CREATED BY ORDINANCE.
   The powers of a board, created by a city ordinance, to exercise discretion must be found in the ordinance itself and are subject to its limitations thereon.

2. SAME—EMPLOYEES RETIREMENT SYSTEM—PRIOR SERVICE CREDIT.
   A board of trustees of municipal employees' retirement system, created by ordinance, is limited in the matter of fixing the beginning date of prior service credit to powers found in the ordinance itself (Dearborn Ordinance No. 210).

3. SAME—CONSTRUCTION OF ORDINANCES.
   In construing a municipal ordinance, the definitions contained therein must be given full force and effect.

4. SAME—ANNUITIES FOR RETIREMENT OF EMPLOYEES—COMMENCEMENT OF PRIOR SERVICE CREDIT.
   In computation of annuities under municipal employees' retirement ordinance, credit may not be allowed for service performed for city prior to date civil service was instituted for municipality where annuities are based on number of years of creditable service and service is defined in pertinent ordinance to mean service rendered as an employee in the general classified service (Dearborn Charter of 1929, as amended in 1935; Dearborn Ordinance No. 210).

5. SAME—MARRIED WOMEN—PRIOR SERVICE CREDIT.
   Under provisions of ordinance establishing municipal employees' retirement system specifically referring to married women, they were entitled to service credit for service performed prior, as well as subsequent, to enactment of ordinance notwithstanding they had previously been specifically excluded from the general classified civil service (Dearborn Ordinance No. 210).

6. COSTS—PUBLIC QUESTION—CONSTRUCTION OF ORDINANCE.
   No costs are allowed in suit for construction of ordinance establishing municipal employees retirement system, a public question being involved (Dearborn Ordinance No. 210).

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 5, 1947. (Docket No. 35, Calendar No. 43,760.) Decided December 3, 1947. Rehearing denied January 5, 1948.

Bill by Orville L. Hubbard, Mayor of the City of Dearborn, against Board of Trustees of the Retirement System created by the provisions of ordinance No. 210 of the City of Dearborn and others for declaratory decree as to resolutions fixing January 9, 1929, as the beginning date for prior service credit. Municipal Employees Association of the City of Dearborn intervened. Decree for defendants. Plaintiff appeals. Modified and affirmed.

*Dale H. Fillmore,* Corporation Counsel, and *Joel K. Underwood,* Deputy Corporation Counsel (*Lionel R. Hampton,* of counsel), for plaintiff.

*John J. Fish,* for defendants.

DETHMERS, J. The cities of Dearborn and Fordson and certain township area became consolidated into the present city of Dearborn in September of 1928. On January 9, 1929, the newly consolidated city adopted its first city charter, which was thereafter amended to provide for a system of civil service effective as of November 18, 1935. Under the provisions of the amendment married female employees were excluded from its benefits.

Upon a referendum vote of the electors, ordinance No. 210 became effective on January 1, 1943. It provided for "a retirement system for employees of the city of Dearborn in the general classified civil service." On the same date on which the electors approved the ordinance they adopted a new city charter, which became operative on January 5, 1943, placing married female employees under the civil service system.

Involved is the construction of the ordinance, giving rise to two questions: (1) What is the beginning date of prior service credit? (2) Are married female employees entitled to prior service credit? Material to these questions are the following excerpts from the ordinance:

## "ARTICLE 2

### "Definitions

"Section 1. * * * (b) 'Employee' shall mean any regular civilian employee of the city of Dearborn in the general classified civil service of the city of Dearborn.

"(c) 'Member' shall mean any employee included in the membership of the retirement system, as provided for in article 4 of this ordinance.

"(d) 'Service' shall mean service rendered as an employee as aforesaid in the employ of the city and paid for by the city. * * *

"(f) 'Accredited service' shall mean service rendered prior to the effective date of this ordinance. 'Membership service' shall mean service rendered subsequent to the effective date of this ordinance.

## "ARTICLE 3

### "Administration

"Section 1. The general administration and the responsibility for the proper operation of the retirement system and for making effective the provisions of this ordinance are hereby vested in the board of trustees of the retirement system, which shall be organized immediately after four of the members have qualified and taken the oath of office. * * *

"Sec. 7. Subject to the limitations of this ordinance, the board may establish from time to time such rules and regulations for the administration of the retirement system as may be necessary."

Article 4, § 1, provides that membership of the retirement system shall consist of employees in the general classified civil service of the city and also:

"(c)    *    *    *    Any female employee who shall have attained the status of an employee in the general classified civil service or who has been or will be excluded therefrom because of marital status, shall be entitled to membership herein.

## "ARTICLE 5    *    *    *

"SEC. 2. The board shall determine the number of years and months of prior service credit and membership service credit to which a member is entitled,    *    *    *

"SEC. 4. Creditable service at retirement, on which a retirement annuity of a member shall be based, shall consist of the member's prior service and membership service rendered by him since he last became a member of the retirement system."

Article 6 provides for voluntary retirement of members after 20 years of creditable service and mandatory retirement of male members at age 65 and female members at age 60 with payment to them of certain annuities dependent, in amount, on the number of years of creditable service.

The defendants contend that the board of trustees has authority to fix the date of beginning for prior service credit; that in fixing the date as of January 9, 1929, the board acted well within the scope of its powers because, as they claim, the ordinance permits such prior service credit to be extended back during the entire legal existence of the present city of Dearborn; and that the ordinance expressly provides for prior service credit for married female employees despite the fact that they were not included in the general classified civil service under the old charter.

The powers of the board to exercise discretion in fixing the beginning date of prior service credit must be found in the ordinance itself and are subject to its limitations thereon. *In re Application of Joe Brown & Sons,* 273 Mich. 652; *Sovey* v. *Ford Motor Co.,* 279 Mich. 313. The definitions contained in the ordinance must be given full force and effect. *People* v. *Harrison,* 194 Mich. 363; *People* v. *Smith,* 246 Mich. 393; *Acme Messenger Service Co.* v. *Unemployment Compensation Commission,* 306 Mich. 704.

Under the ordinance annuities are to be paid to retiring members on the basis of number of years of creditable service, which consists of membership service and service rendered prior to the effective date of the ordinance. The word "service" is defined in the ordinance to mean service rendered as an employee in the general classified civil service. There having been no general classified civil service in effect prior to November 18, 1935, no service, as defined in the ordinance, could have been performed prior to that date. In the computation of annuities, credit may not be allowed for work done for the city prior to that date.

It is plaintiff's theory that married female employees are not entitled to credit for service rendered prior to the effective date of the ordinance because they were excluded then from the general classified civil service and because their prior service was, therefore, not rendered by them as employees in the general classified civil service. Adoption of this theory would, of necessity, entail its equal application to their so-called membership service rendered after the effective date of the ordinance, so long as the old charter remained operative. This would leave the membership accorded married female employees under the ordinance an empty

shell without benefit to them. Such result could not have been the intent of an ordinance designed to provide retirement annuities for the membership of the retirement system. Article 4, § 1(c), expressly provides for membership for female employees who were excluded from civil service because of marital status. From this, the intent clearly appears that married female employees shall be given service credit for periods during which they worked for the city, whether prior to or after the effective date of the ordinance, but while they were excluded from the general classified civil service because of marital status.

A decree may be entered in this Court modifying the decree of the trial court in accord herewith. No costs, a public question being involved.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, and NORTH, JJ., concurred. BOYLES, J., concurred in the result.