DAHLMAN v OAKLAND UNIVERSITY

Docket No. 94552. Submitted December 2, 1987, at Detroit. Decided
     June 24, 1988. Leave to appeal denied, 431 Mich 910.

     Jerry L. Dahlman resigned from his job with Oakland University
     following a demotion and brought an action in the Court of
     Claims against the university, alleging intentional infliction of
     emotional distress, negligent infliction of emotional distress,
     breach of an implied covenant of good faith and fair dealing,
     and breach of employment contract. The trial court, Hilda R.
     Gage, J., granted summary disposition in favor of defendant on
     all claims except the breach of employment contract claim. The
     trial court also granted partial summary disposition in favor of
     defendant on plaintiff's claim for exemplary damages for the
     alleged breach of employment contract. After a bench trial, the
     court entered a judgment in favor of defendant. Plaintiff ap-
     pealed.

     The Court of Appeals *held:*

     1. Plaintiff's breach of employment contract claim is barred
     by his failure to exhaust the grievance procedures provided by
     the employment contract.

     2. An action in tort, separate and distinct from a claim under
     the employment contract, does not lie for the improper perfor-
     mance of an employee evaluation conducted pursuant to the
     employment contract.

     3. A cause of action for a breach of an implied covenant of
     good faith and fair dealing represents a radical departure from
     the common law and the recognition of such a cause of action
     should be made by the Supreme Court, not the Court of
     Appeals.

     4. Damages for intentional infliction of emotional distress are
     not recoverable in a breach of employment contract action. The

REFERENCES

Am Jur 2d, Contracts §§ 441, 521.
Am Jur 2d, Damages § 48.
Am Jur 2d, Labor and Labor Relations § 1830.
Am Jur 2d, Torts §§ 23-25.
What law governs employee's right to damages for wrongful dis-
     charge. 61 ALR2d 917.

trial court therefore did not err in granting summary disposition on the claim of intentional infliction of emotional distress.

Affirmed.

1. LABOR RELATIONS — DISCHARGE FROM EMPLOYMENT — APPEAL.

An employer, in conferring upon an employee the right to be discharged only for cause, may also provide a procedure for resolution of disputes over whether cause to discharge existed; the decision reached under that procedure or the employee's failure to complete the procedure might preclude submission to a jury of a wrongful discharge claim and be subject only to limited judicial review.

2. TORTS — BREACH OF CONTRACT.

An action in tort will not arise from a breach of contract unless it would arise independently of the contract's existence.

3. CONTRACTS — EMPLOYMENT CONTRACTS — BREACH OF CONTRACT — DAMAGES — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Damages for intentional infliction of emotional distress are not recoverable in a breach of employment contract action.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Kathleen L. Bogas*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Wolfgang Hoppe, Thomas P. Hustoles* and *Diane M. Soubly*), and *Francis R. Porretta,* of Counsel, for defendant.

Before: SULLIVAN, P.J., and CYNAR and R. J. TAYLOR,* JJ.

PER CURIAM. The trial court granted defendant's motion for summary disposition on plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of an implied covenant of good faith and fair dealing, pursuant to MCR 2.116(C)(8) and (10). The trial court also granted partial summary disposition for defendant on plaintiff's claim for ex-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

emplary damages based on the breach of an employment contract. After a bench trial, the trial court granted judgment in favor of defendant on plaintiff's breach of employment contract claim. Plaintiff appeals as of right. We affirm.

Plaintiff was employed by defendant from September, 1964, until he resigned on December 10, 1984. At the time of his resignation, plaintiff was employed as the Assistant to the President for University Relations. On September 14, 1984, defendant had placed plaintiff on administrative leave. Plaintiff resigned when defendant demoted him and placed him on probation in December, 1984.

A personnel policy manual which included a grievance procedure for defendant's administrative professional staff members was in effect from the time that plaintiff was placed on administrative leave until he resigned. Plaintiff alleged that the personnel policy manual provided that administrative professional employees could not be discharged except for just cause.

The fifth step in the grievance procedure was a review panel authorized to reach final binding decisions on grievances. The panel was comprised of five members: two selected by defendant; two selected by the Administrative Professional Association (APA), an association of administrative professional employees but not a collective bargaining group; and one selected by the four previously chosen panel members.

Plaintiff alleged that the Step V panel could not be impartial because it would be comprised of employees whose future promotions could be affected by their decisions. Plaintiff admitted at trial, however, that the panel could be impartial, depending on who the panel members were. Plaintiff also testified that he was a member of the APA

committee which unanimously recommended that
the panel be the final step in defendant's proce-
dure. Although plaintiff served as president of the
APA, plaintiff never recommended changing the
grievance procedure or the panel. In this case,
plaintiff never submitted his dispute to the griev-
ance procedure.

On appeal, plaintiff raises four issues. First,
plaintiff claims that the trial court erred in ruling
that plaintiff's breach of employment contract
claim was barred by his failure to exhaust defen-
dant's grievance procedure. We affirm.

Assuming, arguendo, that plaintiff had an em-
ployment contract which was only terminable for
just cause, plaintiff's claim is barred because he
failed to use the grievance procedure. Employers
may provide a procedure for resolution of disputes
concerning the discharge of employees. The griev-
ance procedure, set forth in the employee's man-
ual, was part of plaintiff's contract of employment.
A decision reached under the grievance procedure
precludes submission to a jury of a wrongful dis-
charge claim, subject only to limited judicial re-
view. *Toussaint v Blue Cross & Blue Shield of
Michigan,* 408 Mich 579, 624; 292 NW2d 880
(1980); *Khalifa v Henry Ford Hospital,* 156 Mich
App 485, 494-495; 401 NW2d 884 (1986); *Vander
Toorn v Grand Rapids,* 132 Mich App 590, 598-599;
348 NW2d 697 (1984), lv den 424 Mich 886 (1986).

A plaintiff may challenge the determination of
the grievance process on procedural grounds.
*Renny v Port Huron Hospital,* 427 Mich 415; 398
NW2d 327 (1986). In *Renny,* our Supreme Court
identified the elements necessary for a fair adjudi-
cation in administrative and arbitration grievance
proceedings. *Renny, supra,* pp 436-437.

In this case, a Step v panel was never estab-
lished to hear plaintiff's grievance. Thus, plaintiff

is not claiming that this particular panel was not impartial. The record indicates that, if such a panel had been established, it could have resolved plaintiff's grievance in an acceptable manner. Plaintiff even admitted that impartial panels could be established through the member selection process in place.

Plaintiff argues that a Step v panel could not be impartial because it would be comprised of defendant's employees whose future promotions could be affected by their decisions. We decline to rule that all grievance committees comprised of employees are inherently defective. We also note that plaintiff was a member of the APA committee which unanimously recommended that defendant replace its old grievance procedure with the five-part procedure, including the Step v panel. Plaintiff never recommended changing the grievance procedure, although he was president of the APA at one time. We affirm the trial court's judgment that plaintiff's breach of employment contract claim is barred by his failure to use the grievance procedure.

Plaintiff's second claim is that the trial court erred in granting defendant's motion for summary disposition on plaintiff's negligent evaluation claim. Plaintiff alleged that defendant breached its duty to exercise reasonable care when evaluating plaintiff by evaluating him in a subjective and unfair manner.

In *Schipani v Ford Motor Co,* 102 Mich App 606, 623-624; 302 NW2d 307 (1981), a panel of this Court recognized a cause of action for negligent performance of employee evaluations. No other Michigan court has recognized a negligent evaluation claim in the context of an employment contract. The *Schipani* decision has been criticized by other panels of this Court. See *Struble v Lacks*

*Industries, Inc,* 157 Mich App 169; 403 NW2d 71 (1986), *Hetes v Schefman & Miller Law Office,* 152 Mich App 117; 393 NW2d 577 (1986), *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641; 378 NW2d 558 (1985), and *Haas v Montgomery Ward & Co,* 812 F2d 1015 (CA 6, 1987). These Courts followed the rule that an action in tort will not arise from a breach of contract unless it would arise independently of the contract's existence. See *Hart v Ludwig,* 347 Mich 559; 79 NW2d 895 (1956).

In this case, defendant would not have evaluated plaintiff if plaintiff did not have an employment contract. There could be no breach of duty to evaluate plaintiff distinct from the breach of contract, and plaintiff cannot maintain an independent tort action for negligent evaluation. *Brewster, supra,* p 668; *Haas, supra,* p 1017. We affirm the trial court's grant of summary disposition on plaintiff's negligent evaluation claim.

Plaintiff's third claim is that this Court should recognize a claim for breach of an implied covenant of good faith and fair dealing. We decline to recognize such a cause of action, because such a radical departure from the common law and Michigan precedent should come only from the Supreme Court. *Prussing v General Motors Corp,* 403 Mich 366; 269 NW2d 181 (1978); *Cockles v International Business Expositions, Inc,* 159 Mich App 30, 37; 406 NW2d 465 (1987); *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 481; 308 NW2d 459 (1981), lv den 414 Mich 870 (1982). We affirm the trial court's grant of summary disposition for defendant on plaintiff's implied covenant of good faith and fair dealing claim.

Finally, plaintiff claims that the trial court erred in granting defendant's motion for summary

disposition on plaintiff's claim of intentional infliction of emotional distress.

Damages for intentional infliction of emotional distress are not recoverable in a breach of employment contract action. *Khalifa, supra,* p 499. We also note that the tort of intentional infliction of emotional distress has not been formally adopted in Michigan. *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 597; 374 NW2d 905 (1985). We affirm the trial court's grant of defendant's motion for summary disposition on plaintiff's intentional infliction of emotional distress claim. MCR 2.116(C)(8).

Affirmed.