JOHN'S CORVETTE CARE, INC v CITY OF DEARBORN

Docket No. 152265. Submitted January 20, 1994, at Detroit. Decided April 19, 1994, at 9:15 A.M.

John's Corvette Care, Inc., brought an action in the Wayne Circuit Court against the City of Dearborn, challenging the validity of a Dearborn ordinance that charges owners or lessees of burglar alarms protecting premises a fee whenever the Dearborn police respond to false alarms. The court, Sharon Tevis Finch, J., granted summary disposition for the plaintiff, ruling that the ordinance is preempted by the Private Security Guard Act, MCL 338.1051 et seq.; MSA 18.185(1) et seq., violates procedural due process, and is unconstitutionally vague. The city appealed.

The Court of Appeals held:

1. Section 35 of the Private Security Guard Act, MCL 338.1085; MSA 18.185(35), which mandates inspection and correction of alarm systems that have more than four false alarms in a year, does not preempt the ordinance at issue to the extent that the ordinance regulates reimbursement of the city for the cost of responding to false alarms. There is no direct conflict between the statute and the ordinance, the statute does not expressly preempt municipal regulation, there is no legislative history that would indicate preemption, the statutory scheme is not pervasive, and state regulation is not necessary to achieve uniformity in the defrayal of the cost of responding to false alarms.

2. The ordinance violates procedural due process requirements of meaningful and unbiased review. Although the ordinance provides for appeals to the city's chief of police, it neither furnishes standards of review nor provides for review beyond the appeal to the chief of police.

3. The ordinance is void for vagueness. Its language does not give fair notice of what is prohibited under the ordinance.

Affirmed.

MARILYN KELLY, J., concurring, stated that the ordinance is

REFERENCES

Am Jur 2d, Municipal Corporations § 375.

See ALR Index under Municipal Corporations.

impermissibly vague and violates due process, but that the circuit court correctly concluded that the ordinance is preempted by the Private Security Guard Act inasmuch as the pervasive statutory scheme and its subject matter demand exclusive state regulation.

1. MUNICIPAL CORPORATIONS — ORDINANCES — STATUTES — PREEMP
   TION.

   A municipality may not enact an ordinance if the ordinance directly conflicts with a state statutory scheme, or the state statutory scheme preempts the ordinance by occupying the field of regulation that the municipality seeks to enter even where there is no direct conflict between the two schemes of regulation.

2. MUNICIPAL CORPORATIONS — ORDINANCES — STATUTES — PREEMP
   TION.

   Preemption of a municipal ordinance by a state statute may be established where the state law is expressly preemptive, by examination of the legislative history, by the pervasiveness of the state regulatory scheme, or where the nature of the subject matter regulated demands exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest.

*Richard R. Nelson,* for the plaintiff.

*Laurie M. Sabon,* for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY and J. R. ERNST,* JJ.

PER CURIAM. Defendant appeals as of right from a circuit court order granting summary disposition to plaintiff on the ground that defendant's Ordinance No. 86-370 was preempted by the Private Security Guard Act, MCL 338.1051 *et seq.*; MSA 18.185(1) *et seq.* Although we do not agree that the statute preempted the ordinance, we nevertheless affirm, because the ordinance violates due process and is impermissibly vague.

The basic facts of this case are not in dispute.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The ordinance, entitled "False Alarm Ordinance for the City of Dearborn," charges owners and lessees of alarm systems certain fees for police responses to alarms when those services are "not needed." From 1986 to 1991, city police officers responded to eighty-eight alarms that originated from plaintiff's place of business. The city billed plaintiff for the alleged false alarms, and plaintiff responded by filing a suit that claimed that the ordinance was void for vagueness and violated due process.

The circuit court found that § 35 of the act, MCL 338.1085; MSA 18.185(35), which sets certain procedures for dealing with excessive false alarms, preempted the ordinance, and granted plaintiff's motion for summary disposition. Defendant appealed.

The first issue on appeal is whether the trial court erred in holding that § 35 preempted the ordinance.

A municipality may not enact an ordinance if (1) the ordinance directly conflicts with the state statutory scheme, or (2) the state statutory scheme preempts the ordinance by occupying the field of regulation that the municipality seeks to enter, to the exclusion of the ordinance, even where there is no direct conflict between the two schemes of regulation. *People v Llewellyn*, 401 Mich 314, 322; 257 NW2d 902 (1977). Preemption may be established (1) where state law is expressly preemptive; (2) by examination of the legislative history; (3) by the pervasiveness of the state regulatory scheme, although this factor alone is not generally sufficient to infer preemption; or (4) where the nature of the subject matter regulated demands exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest. *Id.* at 322-324.

The Private Security Guard Act, according to the act's preamble, was enacted in part to regulate the sale, installation, and operation of alarm systems. Section 35 provides:

> (1) As used in this section "false alarm" means the activation of an alarm system through mechanical failure, malfunction, improper installation, or the negligence of the owner or lessee of an alarm system or of his employee or agent. False alarm does not include an alarm caused by a hurricane, tornado, earthquake, or other violent condition beyond the control of the owner or lessee of an alarm system or of their employee or agent.
>
> (2) An alarm system experiencing more than 4 false alarms within a calendar year is deemed defective and upon written notice to the owner or lessee of the alarm system by the enforcing authority the owner or lessee shall have the system inspected by an alarm system contractor who shall within 15 days file a written report to the department [of state police] of the results of its inspection of the system, the probable cause of the false alarms, and its recommendations for eliminating false alarms.
>
> (3) Upon receipt of the report the department may after notice and hearing order the owner or lessee to correct the system based upon the recommendations contained in the report. [MCL 338.1085; MSA 18.185(35).]

Defendant's ordinance defines a false alarm in relevant part as an "event requiring police response when in fact the service called for is not needed." It requires an owner or lessee of an alarm system to pay a fee when defendant's police officers respond to an alarm and are "not needed," subject to certain exceptions.

With respect to the *Llewellyn* factors:

—First, to the extent that the ordinance is

concerned with defraying the cost of responding to false alarms, there is no direct conflict between the statute and the ordinance, nor does the statute expressly preempt municipal regulation. *Id.* at 322-323.

—Second, there is no express legislative history that would indicate whether the state statute preempts the ordinance. *Id.* at 326.

—Third, the state statutory scheme is not pervasive, because it does not attempt to regulate reimbursement of the cost of responding to false alarms. *Id.* "The mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements." *Detroit v Qualls,* 434 Mich 340, 362; 454 NW2d 374 (1990) (citation omitted).

—Fourth, exclusive state regulation is not necessary to achieve uniformity in the matter of defraying the cost of responding to false alarms, because this question is a local one and calls for regulation that is adapted to local conditions. (The cost of response may vary considerably from one locality to another.) Furthermore, the local regulation does not interfere with the state regulatory scheme. *Llewellyn, supra* at 324-325; *Miller v Fabius Twp Bd,* 366 Mich 250, 257, 259; 114 NW2d 205 (1962).

That the state statute provides for the correction of a defective alarm system does not preclude a municipality from recovering the expense of responding to the defective system. We therefore conclude that, to the extent that the ordinance regulates reimbursement of the cost to the city of responding to false alarms, it is not preempted by the state statute. *Llewellyn, supra.*

Defendant's second issue is whether the circuit court erred in holding that the ordinance violated due process. We agree with the court that the

ordinance violates the procedural due process requirements of meaningful and unbiased review. *Vander Toorn v Grand Rapids,* 132 Mich App 590, 601; 348 NW2d 697 (1984). It provides that appeals are to defendant's chief of police but furnishes no standards for use by the chief of police in deciding appeals, nor does it provide for unbiased review beyond the first appeal to the chief of police.

Furthermore, the ordinance definition of a false alarm as a police response that is "not needed" is seriously deficient. That vague language does not give its readers fair notice of what types of conduct are prohibited. It could permit defendant to charge plaintiff for police response calls to plaintiff's premises in any situation where a suspect was not ultimately apprehended, even though the system was in perfect working order. Therefore, the ordinance is void for vagueness. *Allison v Southfield,* 172 Mich App 592, 595-596; 432 NW2d 369 (1988).

Affirmed.

MARILYN KELLY, J. *(concurring).* I concur in the result, but write separately. In contrast to the majority, I believe that the trial court was correct when it concluded that the Private Security Guard Act of 1968[1] preempts the authority of local municipalities. The statute covers every aspect of private security guards and alarm systems. It makes no provision for separate municipal regulation of any aspect of the field.

Section 35 identifies the department of state police as the enforcing authority and the sanctions which are to be imposed when four or more false alarms occur within one year. The state police are authorized to require the owner or lessee to correct a faulty alarm system. MCL 338.1085; MSA

[1] MCL 338.1051 *et seq.*; MSA 18.185(1) *et seq.*

18.185(35). Section 35 makes no provision for additional fines by a municipality which responds to false alarms. Rather, it sets forth the exclusive procedure to be followed if four or more false alarms occur in a year. It should be read as the full and exclusive remedy.

The majority concludes that local regulation does not interfere with the state regulatory scheme. However, competing regulations may mislead an owner or lessee into believing that compliance with one set of regulations relieves it of the responsibility to comply with the other. Furthermore, the explicit remedy is not a fine paid to the municipality, but correction of a defective system.

The applicable test is set forth in *People v Llewellyn*, 401 Mich 314, 322; 257 NW2d 902 (1977). I conclude that the pervasive regulatory scheme set forth in the Act and its subject matter, which is closely associated with the safety of our citizens, demand exclusive state regulation.

I agree with the majority's conclusion that the city ordinance is impermissibly vague and violates due process.