NATIONAL AMUSEMENT CO. *v.* JOHNSON.

1. MUNICIPAL  CORPORATIONS—ORDINANCES—STATUTES—ENDURANCE
CONTESTS.
   In suit to enjoin enforcement of ordinance designed to prohibit
   endurance contests as being in conflict with State statute regu-
   lating walkathons and similar contests, evidence *held*, to show
   that walkathons are not *per se* dangerous to the public health
   nor to the health of contestants beyond prevention by regula-
   tion (Grand Rapids charter, title 5, § 2, Act No. 65, § 1,
   Pub. Acts 1933).

2. SAME—CONFLICT BETWEEN STATE LAW AND MUNICIPAL ORDINANCE.
   In the absence of specific statutory or charter power in a mu-
   nicipality, an ordinance which contravenes a State law is void.

3. SAME—REGULATION—PROHIBITION.
   What the legislature permits, a city cannot suppress without ex-
   press authority therefor.

4. SAME—CONFLICT BETWEEN STATE LAW AND MUNICIPAL ORDINANCE.
   The question of whether a conflict exists between a State statute
   and a city ordinance depends upon whether or not the State
   has occupied the whole field of prohibitory legislation with
   respect to the subject and the ordinance is in conflict therewith,
   mere additional regulation to that of the State law not gener-
   ally constituting a conflict therewith.

5. SAME—AMUSEMENTS—STATUTES.
   An ordinance which prohibits an amusement is void where such
   an amusement is not evil *per se* and is the subject of State
   legislation permitting it subject to exercise of certain statutory
   conditions.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J.  Submitted January 24,

1935. (Docket No. 158, Calendar No. 38,203.) Decided March 5, 1935.

Bill by the National Amusement Company, a Michigan corporation, and George B. Zindel, against C. Sophus Johnson, as manager and director of public safety of the City of Grand Rapids, and the City of Grand Rapids, a municipal corporation, to restrain the enforcement of an ordinance prohibiting contests in which there is a test of endurance. Bill dismissed. Plaintiffs appeal. Reversed.

*Linsey, Shivel & Phelps* and *John H. Vander Wal,* for plaintiffs.

*Ganson Taggart* and *Louis H. Grettenberger,* for defendants.

Fead, J. This is a bill to restrain the enforcement of—

"An ordinance to preserve the public health and prohibit certain dangerous amusements and exhibitions in the city of Grand Rapids. * * *

"Section 1. No person shall procure or take part in any amusement or exhibition which shall result in a contest to test the endurance of the participants."

Plaintiffs claim the ordinance is invalid because it is in conflict with Act No. 65, Pub. Acts 1933, which reads:

"An act to regulate endurance contests known as walkathons and similar endurance contests; and to prescribe a penalty for the violation thereof. * * *

"Section 1. It shall be unlawful for any person, firm or corporation to promote and/or conduct an

endurance contest, known as a walkathon, or similar endurance contests, or for any person to participate in such an endurance contest, except in accordance with the provisions of this act."

The statute requires examination of applicants by physicians and psychiatrists, physical examination of participants at intervals of 12 hours and certificates that participation in the contests will not be injurious to their health.  Defendants claim the power to prohibit the contest under its charter provisions (title 5, § 2):

"(a) To pass all ordinances and regulations of every character to secure the public peace, health, safety, welfare and convenience, to regulate and license trades, occupations, businesses and amusements."

The particular application of the ordinance in this case is to a walkathon derby contest, in which contestants walk, with certain specified rest periods, until all are eliminated but the winner.  The contest sometimes lasts months.

Testimony of the opinions and observations of spectators at the walkathon was taken.  On the one hand, it was said that the contest was degrading, the management guilty of chicanery and cheap tricks, the audience boisterous and sometimes shouting cruelties and obscenities, and the contestants exhausted and pitiful, some probably sustaining permanent impairment of physical, moral and mental health.  On the other hand, the contest was depicted as a clean and healthful sport, with a solicitous and humane management, an orderly audience whose only outbursts were in good natured and kindly fun, and contestants built up and benefited physically by

regular exercise, meals and habits. At most, the testimony showed need for regulation of the contest. It did not indicate a danger to public health, nor to the health of the contestants beyond prevention by regulation. It demonstrated that the contest is not *per se* dangerous, but its evil rests in the way it is conducted.

It is the rule that, in the absence of specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a State law are void. *People* v. *McGraw,* 184 Mich. 233; 43 C. J. p. 215. What the legislature permits, the city cannot suppress, without express authority therefor. *State* v. *Brittain,* 89 N. C. 574. The rule as to conflict is thus fairly stated:

"The question as to whether or not a municipal ordinance or regulation is in conflict with the general law is sometimes difficult of solution, and cannot be determined by any fixed rule. Each particular case must be determined as it arises. Broadly speaking, the question whether a conflict exists depends upon whether the State has occupied the whole field of prohibitory legislation with respect to the subject. If such is the case, it is held that a conflict exists. In order that there be a conflict between a State enactment and a municipal regulation both must contain either express or implied conditions which are inconsistent and irreconcilable with each other. Mere differences in detail do not render them conflicting. If either is silent where the other speaks, there can be no conflict between them. Where no conflict exists, both laws stand. * * * As a general rule, additional regulation to that of a State law does not constitute a conflict therewith." 43 C. J. p. 218.

Where an amusement, which has been lawful and unregulated, is not evil *per se* but may be con-

ducted in a good or bad manner, is the subject of legislation, regulatory, not prohibitory, it would seem clear that the legislature intended to permit continuance of the amusement, subject to statutory conditions. The statute makes it unlawful to conduct a walkathon only in violation of certain conditions. This is merely a common legislative manner of saying that it is lawful to conduct it if the regulations are observed. *Schneiderman* v. *Sesanstein,* 121 Ohio St. 80 (167 N. E. 158, 64 A. L. R. 981). Assuming the city may add to the conditions, nevertheless the ordinance attempts to prohibit what the statute permits. Both statute and ordinance cannot stand. Therefore, the ordinance is void.

This in no way interferes with the exercise of the proper charter powers of the city to remedy untoward conditions which may attend such contests. Whether, under other circumstances or powers, such remedy may be by way of regulation or prohibition is not before us.

Decree dismissing bill reversed and relief granted, without costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.