PEOPLE v. McDANIEL.

1. EVIDENCE—JUDICIAL NOTICE—MOTORBOATS.
   The Supreme Court takes judicial notice of the fact that motorboats propelled by a motor in excess of five horsepower, when operating on an inland lake partially within city limits, will create noises likely to disturb the peace and quiet of those dwelling nearby.

2. MUNICIPAL CORPORATIONS—STATE.
   A city may not prohibit that which is permitted by the State.

3. SAME—ORDINANCES—STATUTES—MOTORBOATS ON INLAND LAKES.
   City ordinance prohibiting use of motor boats having internal combustion engines of greater than five horsepower on a lake partially within city limits is void where statute regulating operation of motorboats on inland waters of the State permits the use of such boats proscribed by the ordinance (Act No. 215, Pub. Acts 1931).

4. CRIMINAL LAW—VOID ORDINANCE.
>    When ordinance under which defendant was convicted is found void, his conviction is set aside and he discharged.

Appeal from Livingston; Collins (Joseph H.), J. Submitted June 22, 1942. (Docket No. 79, Calendar No. 41,972.) Decided October 5, 1942.

Jesse McDaniel was convicted in justice court of violation of a Howell city ordinance regulating the use of power driven boats. Defendant appeals from affirmance in circuit court. Defendant discharged.

*Stanley Berriman,* for defendant.

*Herbert J. Rushton,* Attorney General, and *Van Winkle & Van Winkle,* for the people.

BUSHNELL, J. In 1941 the common council of the city of Howell enacted an ordinance regulating the use of motorboats, outboard motors and all power driven boats upon Thompson lake in the city of Howell, and prohibited the use of those having gasoline or internal combustion engines of greater than five horsepower, except that the city clerk might issue permits for the operation of such boats on days of special celebration or holidays. The waters of Thompson lake are located partly in the city of Howell and partly in townships of Genoa and Oceola.

Defendant Jesse McDaniel was convicted of a violation of the ordinance in the justice court. An appeal was taken to the circuit court on an agreed statement of facts in order to test the constitutionality of the ordinance. The trial judge held that the ordinance was passed for the purpose of protecting the public peace and health of the inhabitants of the city and held that the ordinance was not unconstitu-

tional. In support of his conclusions the trial judge stated:

"May it not be said that the noise of motor boats on Thompson lake with unlimited horsepower prevents the residents adjacent to the lake from having a peaceful rest. Does it not deprive such persons of the right to enjoy 'Nature's sweet restorer, balmy sleep,' and is it not true that if a person is deprived of his sleep, it must necessarily affect his health, to say nothing of the disturbance of his peace?"

McDaniel was granted leave to appeal after being sentenced to pay a fine of $5 and costs or be confined in the county jail for a period of 20 days. He contends that the ordinance is unreasonable and oppressive; that it prohibits rather than regulates; that it cannot be effective in abating the evil at which it is aimed because only part of the waters of Thompson lake lie within the city limits; and that the ordinance invades the State's province in that the State has already assumed jurisdiction over the regulation of motorboats on inland lakes.

1 Comp. Laws 1929, § 2230 (Stat. Ann. § 5.2073), provides in part:

"Each city charter shall provide:   *   *   *
"(j) For the public peace and health and for the safety of persons and property."

Section 7 of chapter 21 of the Howell city charter of 1915 provides that the city shall have the right to enact such ordinances, et cetera, as it may deem advisable for the following purposes:

"1st. To prevent vice and immorality; to preserve public peace and good order."

It is obvious that motorboats propelled by a motor in excess of five horsepower, when operating on

Thompson lake, will create noises likely to disturb the peace and quiet of those dwelling nearby.

However desirable it may be to preserve the peace of residents adjacent to Thompson lake, the city of Howell may not prohibit that which is permitted by the State. By general law, Act No. 215, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–500f *et seq.,* Stat. Ann. § 28.21 *et seq.*), the legislature set up rules and regulations governing the operation of motorboats on the inland waters of the State, and provided that such craft "shall be equipped with a stock factory muffler, underwater exhaust or other modern or improved device capable of adequately muffling the sound of the exhaust of such engine; and such muffler shall be kept and remain closed, and such exhaust or device shall be kept in proper working order by any person or persons operating or in charge of such motor boat, launch, or other water craft, at all times when such engine or engines are in operation, except in a publicly announced and properly supervised motor boat race, regatta or speed trial."

The act provides penalties for its violation.

The ordinance in question prohibits that which is permitted and regulated by State law.

"What the legislature permits, the city cannot suppress, without express authority therefor. * * * Assuming the city may add to the conditions, nevertheless the ordinance attempts to prohibit what the statute permits. Both statute and ordinance cannot stand. Therefore, the ordinance is void." *National Amusement Co.* v. *Johnson,* 270 Mich. 613.

Our attention has not been directed to any specific statutory or charter power which permits the

city of Howell to enact the ordinance in question, and it is void.

The conviction of the appellant is set aside and the sentence is vacated. Defendant is discharged.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.