MILLER v. FABIUS TOWNSHIP BOARD.

1. Municipal Corporations—Ordinances—Statutes—Test of Conflict.
   Determination of whether a municipal ordinance conflicts with a State statute covering the same subject is tested by whether the ordinance prohibits an act which the statute permits, or permits an act which the statute prohibits.

2. Same—Statutes—Ordinances—Police Power.
   Police power of the State as exercised in certain regulations not prohibiting a municipality from exacting additional requirements would permit a municipality to impose such additional requirements as long as both statute and ordinance may coexist.

3. Same—Statutes.
   Municipalities are not divested of all control even where the legislature has enacted laws on the same subject.

4. Townships — Inland Lakes — Statutes — Ordinances — Time —Water Skiing.
   State statute regulating speed and use of watercraft upon inland lakes and prohibiting water skiing during the period 1 hour after sunset to 1 hour prior to sunrise *held*, not to have so pre-empted the field or activity of water skiing as to prohibit

References for Points in Headnotes
[1-5] 37 Am Jur, Municipal Corporations § 165.
[6] 37 Am Jur, Municipal Corporations § 288.

enactment of township ordinance prohibiting water skiing between 4 p.m. until 10 a.m. the following day on lake within the township, where the latter is empowered to adopt ordinances regulating the health and safety of persons and property therein, the ordinance obviously being enacted to prevent the many dangers and to alleviate the congested local conditions on such lake (CL 1948 and CLS 1956, § 41.181 *et seq.;* PA 1957, No 310, §§ 3–5, 8, as amended by PA 1958, No 208; Fabius Township Water Skiing Ordinance).

5. MUNICIPAL CORPORATIONS—ORDINANCES—STATUTES—PRE-EMPTION OF FIELD.

A local ordinance may not invade a field completely occupied by statute but may enter an area not pre-empted by the State statute although the local ordinance may not prohibit that which the State statute expressly permits.

6. TOWNSHIPS—ORDINANCES—STATUTES—WATER SKIING.

Township ordinance prohibiting water skiing on inland lake within its borders between 4 p.m. and 10 a.m. of the following day was not in conflict timewise with State statute prohibiting such activity on inland lakes between 1 hour after sunset and 1 hour prior to sunrise, and ordinance was valid notwithstanding statute had not specifically empowered townships to prohibit that which the statute permitted, and the township was specifically empowered to adopt ordinances regulating the health and safety of persons and property and to resolve local problems created by the number of boat users on the lake, amount of fishing and congestion and conflict between fishermen and water skiers (CL 1948 and CLS 1956, § 41.181 *et seq.;* PA 1957, No 310, § 8; Fabius Township Water Skiing Ordinance).

7. SAME — ORDINANCES — CONSTITUTIONAL LAW — STATUTES — WATER SKIING.

Township ordinance prohibiting water skiing between 4 p.m. and 10 a.m. of following day *held,* not unconstitutional because of alleged conflict with State statute as to water skiing and use of watercraft, and allegedly because not within power of township to adopt (CL 1948 and CLS 1956, § 41.181 *et seq.;* PA 1957, No 310, §§ 3–5, 8, as amended by PA 1958, No 208; Fabius Township Water Skiing Ordinance).

8. COSTS—PUBLIC QUESTION—TOWNSHIP ORDINANCE—WATER SKIING.

No costs are allowed in suit under declaratory judgment act to declare void a township ordinance regulating time within which water skiing may be done on lake within borders, a public ques-

tion being involved (CL 1948 and CLS 1956, § 41.181 *et seq.;*
PA 1957, No 310, §§ 3–5, 8, as amended by PA 1958, No 208;
Fabius Township Water Skiing Ordinance).

Souris and Otis M. Smith, JJ., dissenting.

Appeal from St. Joseph; Andrews (Mark S.), J.
Submitted January 2, 1962. (Docket No. 5, Calendar No. 48,846.) Decided March 19, 1962.

Bill by Philip B. Miller against Fabius Township
Board St. Joseph County for declaratory decree
holding void as unconstitutional an ordinance regulating water skiing and power boat racing on Pleasant lake. Bill dismissed. Plaintiff appeals. Affirmed.

*Edward J. Ryan,* for plaintiff.

*Carroll B. Jones,* for defendant.

Kavanagh, J. Plaintiff filed a bill of complaint in
chancery in the circuit court for the county of St.
Joseph naming the Fabius township board as defendant under the Michigan declaratory judgment
statute.[1] He sought a decree finding the following
ordinance adopted by defendant board to be void and
unconstitutional:

"Effective August 25, 1959, powerboat racing and
water skiing shall be prohibited on Pleasant lake in
Fabius township, St. Joseph county, Michigan, each
day after the hour of 4 p.m. until the following day at
10 a.m. Any person who violates, disobeys or refuses to comply with or who resists the enforcement
of the provisions of this ordinance shall upon conviction, be fined not less than $25 nor more than $100
for such offense, or imprisonment in the county jail
until such fine and costs shall be paid and such im-

[1] CL 1948, § 691.501 *et seq.* (Stat Ann § 27.501 *et seq.*).—Reporter.

prisonment shall be for a period not to exceed 30 days."

Defendant board appeared and filed an answer to the bill of complaint alleging that the ordinance in question was valid and praying for dismissal of the bill of complaint.

Plaintiff claims he is one of a number of people who own land or cottages on the shores of Pleasant lake and who enjoy the sport of water skiing during the summer months.

Plaintiff alleges that he, like many other summer lake vacationers, due to employment, is unable to arrive at his property on Pleasant lake until after 5 p.m. He desires to take advantage of the recreational facilities of Pleasant lake and participate in the sport of water skiing during the daylight hours, which last until approximately 9 p.m.

Plaintiff claims he is deprived of water skiing by reason of the ordinance adopted by the local township board.

In 1959 the Michigan legislature enacted PA 1959, No 55, amending PA 1945, No 246[2] the title of which reads as follows:

"An act to authorize the township boards of certain townships to adopt ordinances and regulations to secure the public peace, health, safety, welfare and convenience; to provide for the establishment of a township police department; to provide for policing of townships by the county sheriff; to provide penalties; and to repeal all acts and parts of acts in conflict therewith."

Section 1 of the act, as amended, reads in pertinent part as follows:

"The township board of any township may, at any regular or special meeting by a majority of the mem-

[2] CL 1948 and CLS 1956, § 41.181 *et seq.* (Stat Ann 1961 Rev § 5-.45[1] *et seq.*).

bers elect of such township board, adopt ordinances regulating health and the safety of persons and property therein."

The case came on for hearing in the circuit court for St. Joseph county. After proofs and briefs, the trial court in his opinion found the ordinance constitutional and valid and entered an order dismissing the bill of complaint.

Plaintiff appeals claiming the ordinance is void because the statutes—PA 1931, No 215[3] and PA 1957, No 310[4]—have pre-empted the field of regulating motorboating and water skiing on Michigan's inland lakes.

Plaintiff alleges the ordinance is void because it prohibits that which the State statutes permit and exceeds the powers granted townships by PA 1945, No 246, as amended. Plaintiff also claims the ordinance is void because it treats motorboating and water skiing as a local regulatory problem when, in fact, such activities are not local but are State-wide in scope and require uniform State-wide regulation.

Plaintiff argues that in 1931 the legislature undertook regulation of motorboating and water-skiing activities on inland lakes when it enacted section 1 of PA 1931, No 215.[5] The act required motorboats and other watercraft to be equipped with mufflers and other devices to deaden the sound. It also purported

[3] CL 1948, § 752.401 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 28.21 *et seq.*).

[4] CL 1948, § 281.573 *et seq.* (Stat Ann 1961 Cum Supp § 18.1263 *et seq.*).

[5] Section 1 of PA 1931, No 215 (CL 1948, § 752.401 [Stat Ann 1959 Cum Supp § 28.21]) reads in pertinent part as follows:

"No such motorboat shall be operated on any of said waters in a reckless manner or at an excessive rate of speed so as to endanger the life or property of any person in or on said waters, having due regard to the presence of other boats, bathers, persons engaged in fishing, or objects in or on such waters and of any other conditions then existing, and no person shall operate such motorboat on said waters at a rate of speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

to regulate the speed and use of motorboats on inland lakes.

Plaintiff further alleges that 26 years later a second statute—PA 1957, No 310—was enacted by the legislature which recognized the need for more comprehensive regulation of boating and water activities on our inland lakes. This statute made certain changes in the regulation of motorboating and provided limitations on water-skiing activities.

Section 3 of the 1957 act relates to persons operating watercraft under the influence of intoxicating liquor or narcotic drugs. Section 4 of the act relates to the speed of watercraft. Section 5 of the act as amended by PA 1958, No 208, for the first time took recognition of the problem of water skiing and other water-surface sports, and provides as follows:

"Any person who operates any watercraft, or who navigates, steers or controls himself while being towed on water skis, water sleds, surfboards or similar contrivances, upon any of the waterways of this State carelessly and heedlessly in disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless operation of a watercraft and upon conviction shall be punished as provided in section 16 of this act." CL 1948, § 281-.575, as amended by PA 1958, No 208 (Stat Ann 1961 Cum Supp § 18.1265).

Section 8 of the act specifically relates to restrictions on the periods when water skiing is prohibited and reads as follows:

"No operator of any watercraft shall have in tow or shall otherwise be assisting in the propulsion of a person on water skis, water sled, surfboard, or other similar contrivance during the period 1 hour after sunset to 1 hour prior to sunrise. Any person

permitting himself to be towed on water skis, water sleds, surfboards or similar contrivances in violation of any of the provisions of this act shall be guilty of a misdemeanor." PA 1957, No 310, § 8 (CL 1948, § 281.578 [Stat Ann 1961 Cum Supp § 18-.1268]).

It is contended the 1957 act was to cover on a State-wide basis the entire field of prohibitory regulation of motorboating and water skiing on our inland lakes.

The trial court rejected plaintiff's claim in this regard. On appeal we are asked to determine whether the ordinance conflicts with the State statutes. .

Concerning this problem, 37 Am Jur, Municipal Corporations, § 165, p 790, states the following:

"It has been held that in determining whether the provisions of a municipal ordinance conflict with a statute covering the same subject, the test is whether the ordinance prohibits an act which the statute permits, or permits an act which the statute prohibits. * * *

"The mere fact that the State, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal bylaw are not in themselves pernicious, as being unreasonable or discriminatory, both will stand. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription. Thus, where both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has *expressly* licensed, authorized, or required, there

is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective. Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail." (Emphasis supplied.)

This Court has followed the above rule holding portions of a field not covered by State law are open to local regulation. See *City of Howell* v. *Kaal,* 341 Mich 585; *Loose* v. *City of Battle Creek,* 309 Mich 1; *Eanes* v. *City of Detroit,* 279 Mich 531; *People* v. *McGraw,* 184 Mich 233.

The rule has long been recognized that municipalities are not divested of all control even where the legislature has enacted laws.

This Court said in *People* v. *McGraw, supra* (p 238):

"The municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto. This construction allows a municipality to recognize local and peculiar conditions and to pass ordinances regulating traffic on its streets, which do not contravene the State laws. The congested condition of traffic on many of the streets of the city of Detroit is a matter of common knowledge, and these conditions make it absolutely necessary, for the protection of pedestrians and the drivers of vehicles, to enact rules and regulations peculiarly adapted to the conditions there found, and to enact ordinances to diminish the danger."

The question we have to determine, then, is whether the State has so pre-empted the field that it would be unconstitutional for the township to attempt to regulate water skiing by ordinance.

The legislation relied upon by plaintiff merely relates to various phases of the operation of watercraft, including its speed and use upon inland lakes. Section 8 of the 1957 statute only prohibits water skiing during the period 1 hour after sunset to 1 hour before sunrise. It, therefore, certainly cannot be said that the legislature intended to pre-empt the entire field or activity of water skiing. If the legislature so intended, it could have expressly stated pre-emptive control. It logically follows, then, that the portions of the township ordinance which endeavor to regulate water skiing, if not in conflict with the State law, are valid so far as the pre-emption doctrine is concerned.

It is obvious the ordinance was enacted to prevent the many dangers and alleviate the congested local conditions that existed on Pleasant lake.

In *City of Howell* v. *Kaal, supra,* this Court held that an ordinance may not invade a field completely occupied by statute but may enter an area not pre-empted by the State act, and further held that what the State law *expressly* permits an ordinance may not prohibit.

Since the cited statutes do not expressly control the period of regulation covered by the ordinance, it must be concluded there is no conflict. The ordinance speaks only where the statutes are silent.

The next question raised on appeal is whether the ordinance is void because it exceeds the powers granted by PA 1945, No 246, as amended by PA 1959, No 55. The act expressly permits local ordinances regulating "health and the safety of persons and property." It is contended by plaintiff there is no express authority in the 1959 amendment giving townships power to regulate motorboats and water skiing on inland lakes. The inference is that in the absence of an express power to do these things, the township may not prohibit what the legislature

permits.   This argument is based on the erroneous assumption that the legislature, in making it unlawful to water ski from 1 hour after sundown to 1 hour before sunrise, was expressing a lawful right to water ski without regulation during the other hours of the day.   No such intent is discernible from a study of the statute involved.   The ordinance and the statute timewise are not in conflict and, therefore, the case of *National Amusement Company* v. *Johnson,* 270 Mich 613, relied on by plaintiff does not apply.

The remaining question deals with the subject of whether the ordinance can be sustained on the reasoning it deals with a local regulatory problem which the township has the authority to regulate under the 1959 amendatory act relating to "health and safety of persons and property" if the activity is in fact not local but State-wide.   Plaintiff cites several cases in other States which seem to indicate support of his position.   However, the cited cases do not deal with acts similar to the ones we are here asked to construe.

While the general problem with reference to water skiing and motorboating and the use of our inland lakes by different classes of sportsmen are State-wide problems, there are peculiar circumstances that are local in character—such as the number of boat users on the lake; the amount of fishing on the lake; the congestion and conflict between fishermen and water skiers; the location of the lake to densely populated areas—which the 1959 amendment authorizes townships to deal with under the "health and safety of persons and property" clause.

A comparison might be made between traffic ordinances of a city and the State traffic statutes.   Densely populated cities with large numbers of automobiles require more local regulation, even to a greater reduction in speed, than do rural communities.   The

State prescribes by its statutes the general provisions with respect to problems, and this Court has upheld the right of municipalities to further regulate as long as there is no conflict between the State statute and the municipal ordinance. We believe this rule of law equally applicable to the regulation of boating and water skiing on inland lakes.

The trial court reached a correct conclusion in finding the ordinance was valid as having a reasonable relation to the health and safety of persons and property of the area involved.

Under the facts in this particular case, we do not find the ordinance unconstitutional or invalid for the reasons claimed by plaintiff.

The decree of the lower court is affirmed. A public question being involved, no costs are allowed.

DETHMERS, C. J., and CARR, KELLY, BLACK, and ADAMS, JJ., concurred with KAVANAGH, J.

SOURIS, J. (*dissenting*). I read the township ordinance to *prohibit* from 4 p.m. until 1 hour before sunset and from 1 hour after sunrise to 10 a.m. that which the State statute* *permits* to be done during a period which includes those hours. The ordinance conflicts with the statute and, therefore, necessarily is invalid. *People* v. *McDaniel,* 303 Mich 90, and *National Amusement Co.* v. *Johnson,* 270 Mich 613.

I would reverse, but would not award costs.

OTIS M. SMITH, J., concurred with SOURIS, J.

* PA 1957, No 310, § 8 (CL 1948 § 281.578 [Stat Ann 1961 Cum Supp § 18.1268]).