*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RPF OIL COMPANY,

        Plaintiff-Appellee,

v

GENESEE COUNTY and GENESEE COUNTY HEALTH DEPARTMENT,

        Defendants-Appellants.

FOR PUBLICATION
December 3, 2019
9:00 a.m.

No. 344735
Genesee Circuit Court
LC No. 17-109107-CZ

Before: O'BRIEN, P.J., and GADOLA and REDFORD, JJ.

REDFORD, J.

Defendants, Genesee County and Genesee County Health Department, appeal by right the trial court's entry of a stipulated order in which defendants agreed not to enforce the county's Regulation to Prohibit the Sale of Tobacco Products to Individuals Under 21 Years of Age (Tobacco 21 Regulation) prohibiting the sale of tobacco to persons under the age of 21 unless the trial court's earlier summary-disposition order in favor of plaintiff, RPF Oil Company, was overturned on appeal. We affirm the trial court's conclusion that the county's Tobacco 21 Regulation is preempted by the Age of Majority Act of 1971 (Age of Majority Act), MCL 722.51 *et seq.*

## I. BACKGROUND

Genesee County's Tobacco 21 Regulation became effective on May 15, 2017. It prohibits the sale of any tobacco product or paraphernalia to persons under 21 years of age and requires that a retailer of tobacco or tobacco paraphernalia place a sign stating that the county prohibits the sale of tobacco products to any person under the age of 21.[1] The ordinance does not restrict persons 18 to 21 years old from using tobacco products in the county.

---

[1] Plaintiff points out that Ann Arbor passed an ordinance similarly regulating the use of tobacco about which Michigan's Attorney General opined that the ordinance raising the age of tobacco

Plaintiff owns and operates convenience stores in Genesee County. On May 12, 2017, plaintiff filed a declaratory-judgment action seeking the trial court's determination that the Age of Majority Act MCL 722.51 *et seq*. and the Youth Tobacco Act, MCL 722.641 *et seq*. preempted the county's Tobacco 21 Regulation because it conflicted with the state statutes. On July 24, 2017, following briefing by the parties and amicus, the trial court issued an order granting a preliminary injunction enjoining the county from enforcing the Tobacco 21 Regulation. On the same day, the trial court issued an order denying plaintiff's motion for summary disposition and a permanent injunction. On August 18, 2017, defendants sought leave to appeal the July 24, 2017 preliminary injunction order. This Court denied leave on October 6, 2017.[2]

Plaintiff later filed a motion for summary disposition under MCR 2.116(C)(10) which the trial court denied on February 26, 2018. On March 26, 2018, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff responded on May 14, 2018, and sought judgment under MCR 2.116(I)(2). On May 31, 2018, following a hearing, the trial court ruled that a conflict existed between state law and the county's regulation because the Tobacco 21 Regulation prohibited what the statute permitted by not allowing adults from 18 to 21 years of age to purchase tobacco products within the county. The trial court entered an order denying defendant's motion for summary disposition and granted plaintiff summary disposition under MCR 2.116(I)(2) on plaintiff's claim for declaratory judgment. On July 2, 2018, the trial court entered a final stipulated order under which defendants agreed not to enforce the Tobacco 21 Regulation unless the trial court's May 31, 2018 summary-disposition order was overturned on appeal.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). Summary disposition is appropriate under MCR 2.116(C)(10) when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted). We review de novo a motion for summary disposition granted under MCR 2.116(I)(2). *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996). "If, after careful review of the evidence, it appears to the trial court that there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, then summary disposition is properly granted under MCR 2.116(I)(2)." *Lockwood*

---

sales to 21 directly conflicted with, and was preempted by, the Age of Majority Act, MCL 722.51 *et seq*. See OAG, 2017-2018, No. 7294. We do not rely upon the Attorney General's opinion for our decision, but conclude that the Attorney General correctly analyzed the issue under applicable law. Defendant argues that the trial court exclusively and improperly relied on the Attorney General's opinion. The record, however, does not support defendant's contention. The trial court appropriately based its decision on applicable caselaw.

[2] *RFP Oil Company v Genesee County*, order of the Court of Appeals entered October 6, 2017 (Docket No. 339674).

*v Twp of Ellington*, 323 Mich App 392, 401; 917 NW2d 413 (2018) (citations omitted). We also review de novo a trial court's ruling on a question of statutory interpretation. *Thompson-McCully Quarry Co v Berlin Charter Twp*, 259 Mich App 483, 488; 674 NW2d 720 (2003). "We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous." *Pohutski v Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). "A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning." *Sav-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 136; 892 NW2d 33 (2016) (citation omitted). "Whether a state statute preempts a local ordinance is a question of statutory interpretation and, therefore, a question of law that we review de novo." *Ter Beek v City of Wyoming (Ter Beek I)*, 297 Mich App 446, 452; 823 NW2d 864 (2012).

### III. ANALYSIS

Defendants argue that the trial court erred by ruling that the Age of Majority Act preempts the Tobacco 21 Regulation. We disagree.

"Subject to authority specifically granted in the Constitution, local governments derive their authority from the Legislature." *City of Taylor v Detroit Edison Co*, 475 Mich 109, 115; 715 NW2d 28 (2006) (citations omitted). "Under Const 1963, art 7, § 22, a Michigan municipality's power to adopt resolutions and ordinances relating to municipal concerns is 'subject to the constitution and law'." *People v Llewellyn*, 401 Mich 314, 321; 257 NW2d 902 (1977). State law may preempt a local government's law either through a direct conflict or through occupying the field in which the municipality seeks to regulate. *Id*. at 322. Thus, an ordinance is preempted if it is "in direct conflict with the state statutory scheme . . . ." *Id*. "Michigan is strongly committed to the concept of home rule, and constitutional and statutory provisions which grant power to municipalities are to be liberally construed." *Bivens v Grand Rapids*, 443 Mich 391, 400; 505 NW2d 239 (1993). Nevertheless, local governments may regulate matters of local concern only in a manner and to the degree that their regulations do not conflict with state law. *Taylor*, 475 Mich at 117-118. Local regulations directly conflict with state statutes if the regulation permits what the statute prohibits or prohibits what the statute permits. *Ter Beek v City of Wyoming (Ter Beek II)*, 495 Mich 1, 20; 846 NW2d 531 (2014) (quotation marks and citation omitted). Our Supreme Court has explained that an ordinance may add additional prohibitions to the prohibitions set forth in a statute. *Miller v Fabius Twp Bd*, 366 Mich 250, 256; 114 NW2d 205 (1962). When an ordinance and a statute are both prohibitory and "the only difference between them is that the ordinance goes further in its prohibition," there is no conflict. *Id*. (quotation marks and citations omitted). However, a local government may "not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required . . . ." *Id*. at 256 (quotation marks and citations omitted). Preemption applies to counties as well as cities. See *Saginaw Co v John Sexton Corp of Mich*, 232 Mich App 202, 214; 591 NW2d 52 (1998) (applying conflict preemption to a county ordinance). A county—like a city—may not enact an ordinance that conflicts with state law. *Ter Beek II*, 495 Mich at 19-20.

This appeal requires determining whether Genesee County's Tobacco 21 Regulation is preempted by state law. Section 2 of the Age of Majority Act, MCL 722.52(1), provides:

Except as otherwise provided in the state constitution of 1963 and subsection (2), notwithstanding any other provision of law to the contrary, a person who is at least 18 years of age on or after January 1, 1972, is an adult of legal age for all purposes whatsoever, and shall have the same duties, liabilities, responsibilities, rights, and legal capacity as persons heretofore acquired at 21 years of age.[3]

The Legislature specified in the unambiguous plain language of this subsection that persons 18 to 21 years of age after January 1, 1972, shall be entitled to enjoy all of the rights and privileges and bear the responsibilities and duties previously afforded by law to persons in this state 21 years and older. The Legislature expressly provided that the only exceptions to that broad grant of rights and privileges are as stated in the state constitution or the statutes enumerated in subsection (2). No other laws may infringe upon the rights of persons older than 18 years old who henceforth were legally recognized as adults. All existing laws to the contrary were changed by enactment of the Age of Majority Act.

In MCL 722.53, the Legislature clarified further that the Age of Majority Act "supersedes all provisions of law prescribing duties, liabilities, responsibilities, rights and legal capacity of persons 18 years of age through 20 years of age different from persons 21 years of age[.]" In MCL 722.53, the Legislature listed statutory provisions covering 20 areas regulated by laws of this state that the Age of Majority Act superseded, including laws that governed among other things, firearms, motor vehicles, legal settlements, workers' compensation, marriage, dower estates, the revised judicature act, the probate code, status of minors and child support, alcohol, and the exclusion of minors during examination of witnesses in criminal cases. The Legislature also specified that MCL 722.53 superseded MCL 722.641 to MCL 722.643 of the Youth Tobacco Act which regulates tobacco sales to minors, and purchases, possession, and use by minors. The Legislature amended the Youth Tobacco Act so that it substituted the term "18 years" for the use of the term "21 years." See 1972 PA 29, § 1, effective February 19, 1972. Following the enactment of MCL 722.53 and the amendment of the Youth Tobacco Act, persons 18 to 21 years old were no longer prohibited from purchasing and using tobacco products and retailers were not prohibited from selling tobacco products to persons over 18 years old.

The county's Tobacco 21 Regulation prohibits the sale of tobacco to all persons under the age of 21. In so doing, the Tobacco 21 Regulation plainly prohibits what Michigan law permits by diminishing the rights and privileges granted by state law to persons who have reached the age of majority. The Age of Majority Act expressly provides that persons at least 18 years old in Michigan are adults of legal age for all purposes whatsoever. This means that they may enjoy all of the rights and privileges of adulthood unless the Legislature acts to limit such rights and privileges. The Legislature has not done so respecting adult purchase and use of tobacco products.

---

[3] MCL 722.52(2) pertains to the authority of courts to order support payments for persons 18 years old or older pursuant to statutory provisions related to divorce, child custody, family support, paternity, the status of minors and child support, none of which apply in this case.

Defendants' arguments to the contrary lack merit because the Age of Majority Act precludes age-based distinctions of the kind the Tobacco 21 Regulation makes. This Court has previously ruled and our Supreme Court affirmed the principle that, where a state statute permits the exercise of rights and privileges within this state, local regulation may not prohibit such conduct. *Ter Beek II*, 495 Mich at 19-20. In *Ter Beek II*, our Supreme Court analyzed whether the defendant city could adopt an ordinance prohibiting the plaintiff, a qualified medical marijuana patient, from using his land as permitted by the Michigan Medical Marijuana Act (MMMA), MCL 333.26421 *et seq.* to grow and use medical marijuana in his home and impose penalties for doing so. *Id*. at 5-7. Our Supreme Court considered whether the MMMA preempted the local ordinance. It explained that its precedent established that, local governments are "precluded from enacting an ordinance if [] the ordinance is in direct conflict with the state statutory scheme" and "a direct conflict exists when the ordinance permits what the statute prohibits or the ordinance prohibits what the statute permits." *Id*. at 20 (quotation marks and citations omitted). Because the Legislature granted rights and privileges to citizens in the MMMA, the city could not prohibit what the MMMA permitted or impose a penalty upon anyone for doing what the statute permitted. A direct conflict exists between a statute and an ordinance when the ordinance prohibits what a statute enacted by the Legislature permits. *Id*. at 20-21. Our Supreme Court, therefore, held that the MMMA preempted the city ordinance.

In this case, through the Tobacco 21 Regulation, by prohibiting the sale of tobacco products by retailers within the county, the county created an impermissible age distinction that effectively raised the legal age to purchase tobacco products within the county to age 21. In so doing, the county attempts within its territory to improperly limit the scope of rights granted by the Legislature to adults. Consequently, the Age of Majority Act preempts the county's Tobacco 21 Regulation and it is unenforceable as a matter of law.

Defendants argue that the Age of Majority Act does not permit anything that the Tobacco 21 Regulation prohibits because, by its language, the Age of Majority Act applies only to laws in existence at the time of its enactment. Defendants focus on the use of the word "heretofore" in MCL 722.52(1) and the word "supersede" in MCL 722.53. This argument lacks merit because the plain language of MCL 722.52 establishes that it precludes age-based distinctions and the imposition of legal impediments to persons aged 18 years and older from enjoying the rights afforded adults for all purposes whatsoever. Significantly, the Age of Majority Act expressly superseded the provisions of the Youth Tobacco Act, which before the enactment of the Age of Majority Act prohibited tobacco purchases, possession, and use by persons under age 21. The Legislature, shortly after enactment of the Age of Majority Act, also amended the Youth Tobacco Act to remove the previous prohibitions that applied to persons 18 to 21 years old. The action taken by the Legislature enabling persons 18 to 21 years of age to do what they previously could not do afforded persons 18 to 21 years of age rights heretofore unavailable to them. Neither the plain language of the Age of Majority Act nor the amended Youth Tobacco Act intimate that local governments may restrict or prohibit what state law permits. The county's

Tobacco 21 Regulation, therefore, directly conflicts with the Age of Majority Act's directive that an 18-year-old is an adult "for all purposes whatsoever."[4]

Defendants argue that nothing in the plain language of the Age of Majority Act expressly prohibits raising the age at which a person may purchase tobacco, and that the Age of Majority Act merely sets the "floor" of permissible regulation and does not set a "ceiling" which permits it through the Tobacco 21 Regulation to raise the ceiling on the age at which a person may purchase tobacco. Defendants, however, fail to explain how the fact that the language does not include a "ceiling" age renders the county regulation permissible. MCL 722.52(1) confers legal-adult status on any individual who is "at least 18 years of age" and with that status the Legislature granted such persons all the rights and privileges of adulthood. Nothing in the Age of Majority Act provides or implies that local governments may infringe or place barriers in the way of exercise of the rights and privileges under law afforded to adults in this state. We are unpersuaded that the Legislature intended by enacting the Age of Majority Act or amending the Youth Tobacco Act that local governments may raise the age at which adults may purchase tobacco products. Therefore, the trial court did not err by ruling that, because the county's Tobacco 21 Regulation directly conflicts with the Age of Majority Act, it is preempted.

Affirmed.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Michael F. Gadola

---

[4] Moreover, unlike alcohol where, in 1978 the people of this state passed Proposal D, and thereby amended the state constitution returning the legal age to purchase, possess, and consume alcohol to 21 years old, see Const 1963, art 4, § 40, the people of this state have not amended the state constitution to restrict the age of persons to whom tobacco products may be sold or restrict possession and use of tobacco products by persons 18 to 21 years old.